[Cite as *State v. Fields*, 2011-Ohio-2444.]

STATE OF OHIO         )                  IN THE COURT OF APPEALS
                            )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

STATE OF OHIO                      C.A. No.      10CA009914

     Appellee

     v.                             APPEAL FROM JUDGMENT
                                  ENTERED IN THE
DEXTER A. FIELDS             COURT OF COMMON PLEAS
                                  COUNTY OF LORAIN, OHIO
     Appellant                  CASE No.     09CR077476

DECISION AND JOURNAL ENTRY

Dated: May 23, 2011

---

CARR, Judge.

**{¶1}** Appellant, Dexter Fields, appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses.

I.

**{¶2}** On February 5, 2009, Fields was indicted by the Lorain County Grand Jury on one count of possession of drugs in violation of R.C. 2925.11(A), a felony of the third degree; one count of resisting arrest in violation of R.C. 2921.33(B), a misdemeanor of the first degree; one count of obstructing official business in violation of R.C. 2921.31, a misdemeanor of the second degree; and one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. On February 12, 2009, Fields appeared for arraignment and entered a plea of not guilty to each count in the indictment. Subsequently, on April 24, 2009, Fields appeared in court and withdrew his plea of not guilty and entered a plea of guilty to each count in the indictment. The trial court accepted Fields' plea and ordered a

presentence investigation report. On July 2, 2009, the trial court held a sentencing hearing and subsequently issued a sentencing entry. Fields filed a notice of appeal on July 29, 2009.

{¶3} On September 10, 2009, this Court issued a journal entry in which we determined that Fields' sentence was void due to an error in the imposition of post-release control. This Court vacated Fields' sentence and remanded the matter to the trial court for resentencing.

{¶4} On September 15, 2009, the trial court issued a journal entry which stated, "Sentencing entry dated 7-2-09 is vacated." The trial court simultaneously issued a new sentencing entry which contained the proper post-release control term.

{¶5} On appeal, Fields raises one assignment of error.

## II.

### ASSIGNMENT OF ERROR

"UPON REMAND, THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY RESENTENCING HIM WITHOUT PROPER REPRESENTATION AND WITHOUT HIS PHYSICAL PRESENCE IN COURT AS REQUIRED BY CRIMINAL RULE 43(A) AND SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION."

{¶6} In his assignment of error, Fields contends that he was denied his constitutional right to be present and represented by counsel at his sentencing hearing. We agree.

{¶7} On appeal, Fields initially argues that the trial court committed reversible error by not allowing him to be present when he was sentenced. Fields asserts that once this Court vacated his sentence on his first attempt to appeal, the trial court was required to conduct a de novo resentencing hearing in accordance with Crim.R. 43(A). The State agrees to the extent that Fields was not present at resentencing and that the case must be remanded. With respect to the remedy, Fields contends that his sentence "remains void" because the trial court failed to abide

by Crim.R. 43(A). The State disputes Fields' contention that his sentence is void, however, and argues instead that Fields is only entitled to a correction hearing pursuant to R.C. 2929.191(C).

{¶8}   Crim.R. 43(A) states that, "the defendant must be physically present at *** the imposition of sentence[.]"  "A trial court that imposes a sentence upon a defendant without the defendant being present, and such absence is not voluntary, commits reversible error." *State v. McMillen*, 9th Dist. No. 21425, 2003-Ohio-5786, at ¶36.

{¶9}   The trial court committed reversible error in this case by sentencing Fields outside his presence.  Fields filed his first notice of appeal on July 29, 2009.  Before the parties submitted appellate briefs, this Court issued a journal entry on September 10, 2009, which vacated the sentencing entry and remanded the matter to the trial court for resentencing.  The trial court subsequently issued its own entry indicating that Fields' original sentence was vacated on September 15, 2009.   While the trial court issued a new sentencing entry on September 15, 2009, which stated that Fields was in court for sentencing, the parties are in agreement that such was not the case.  The record does not contain an order directing the sheriff to transport Fields to the courthouse for resentencing and the State does not dispute that Fields was not present for resentencing.  Because Fields' original sentence had been vacated by this Court, there was no sentence in place at the time the trial court issued its new sentencing entry.  Thus, we must reverse and remand this matter for sentencing in accordance with Crim.R. 43(A).  To the extent that Fields argues that the trial court committed reversible error in not allowing him to be present at his sentencing hearing, the first assignment of error is sustained.

III.

{¶10} Fields' sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

DEXTER A. FIELDS, pro se, Appellant.

DENNIS WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.